■ SEYMOUR FISHMAN, Individually and as Father of JUDITH L. FISHMAN, an Infant, Appellant, v HENRY SCHEUER, Respondent.—Judgment entered in the Supreme Court, New York County, on June 20, 1973, affirmed, without costs or disbursements. The case was submitted to the jury

under an eminently fair charge. The verdict was unanimous in favor of the defendant. The issue was the manner of the happening of the accident and not the definition of jaywalking. In allowing the police officer to answer the question "what is jaywalking" the court said "It's just a question of what is jaywalking. Maybe the jury would like to know what it means. There's no testimony here about any jaywalking." Perhaps it would have been better to exclude it, but on this record we cannot say that admission of such testimony was prejudicial to plaintiffs' case requiring a reversal. If error at all, it was harmless and the judgment should be affirmed. Concur—Stevens, P. J., Markewich, Lupiano and Nunez, JJ.; Kupferman, J., dissents in the following memorandum: In this action for personal injuries, there was a unanimous jury verdict in favor of the defendant. The plaintiff was struck by the defendant's automobile while she was attempting to cross Roosevelt Avenue in Flushing, Queens, New York, at a point other than a crosswalk. The New York City police officer who investigated the accident after it occurred and who filed the vehicle accident report, testified for the defendant in the following colloquy: "Q  Officer, is there a crosswalk or designated crosswalk at Roosevelt Avenue and Main Street? A  There is. Q  And is there a subway entrance on both sides of the street? A  There's one on all four corners. Q  Is there a designated crosswalk five hundred feet from the corner of Main Street on Roosevelt Avenue? A  No, sir. Q  Officer, what is jaywalking? MR. AUSUBEL: Your Honor, now we're getting into something which is not the subject of lay testimony. THE COURT: It's just a question of what is jaywalking. Maybe the jury would like to know what it means. There's no testimony here about any jaywalking. A  Jaywalking is either walking against a signal light or walking at an area other than a designated crosswalk. Q  Now, if a person were to be walking in the middle of a block —let's say on Roosevelt Avenue, five hundred feet from Main Street, and you saw that person walking in the middle of the street crossing in the face of oncoming traffic, would that person be subject to a summons? MR. AUSUBEL: Just a minute. I object to that. THE COURT: Overruled. A  He would be. Q  And under what authority would that be? What would be the charge that v ould cause—MR. AUSUBEL: May I have a continuing objection to this line of inquiry? THE COURT: Yes. A  What would be the charge? Q  Yes. A  The charge would be jaywalking under the traffic regulations. Q  And is that a traffic infraction? A  That's a traffic violation punishable by a two dollar fine. Q  By a two dollar fine. Now, in your experience, Officer, being in that sector and being at that location, to your knowledge, is this a designated crossing, at the place where you found this girl to be? A  No, sir." A traffic infraction is not a crime (Vehicle and Traffic Law, § 155), and in any event, the testimony discussed the elements of an infraction in the nature of a violation of law presupposing a conviction. This was improper and prejudicial, and I would reverse thereon and direct a new trial. (Cf. *Montalvo v Morales,* 18 AD2d 20.)